# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9287 | **DATE** | 5/17/2004 |
| **CASE TITLE** | Onwunmelu vs. National Railroad Passenger | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for summary judgment. Judgment is therefore entered in favor of defendant and against plaintiff. Any pending motion in this case is terminated as moot. All schedules including pretrial conference set for 5/27/04 and trials set for 6/1/04 are also vacated.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UWAOMA FRED ONWUNMELU, )
)
    Plaintiff, )
)
v. ) No. 02 C 9287
)
NATIONAL RAILROAD PASSENGER )
CORPORATION, )
)
    Defendant. )
)

### MEMORANDUM OPINION AND ORDER

Plaintiff Uwaoma Fred Onwunmelu was first hired by defendant National Railroad Passenger Corporation ("Amtrak") in January 1998 as a commissary clerk. On June 21, 2001, Mr. Onwunmelu was promoted to Supervisor, Mail and Express, and on July 22, 2002, he was terminated from that position.[1] Mr. Onwunmelu claims that Amtrak discriminated against him on the basis of his race and national origin, in violation of Title VII, 42 U.S.C. § 2000e et seq. (Count I), and 42 U.S.C. § 1981 (Count II). Specifically, Mr. Onwunmelu, an African-American whose national origin is Nigerian, claims that Amtrak terminated him from his position as Supervisor because of his race and national origin. Amtrak moves for summary judgment on both counts. I GRANT that motion.

---

[1] After his termination as a supervisor, Mr. Onwunmelu exercised his union bumping rights to return to a bargaining unit position with Amtrak.



Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); Fed. R. Civ. P. 56(c). Normally, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, in this case Mr. Onwunmelu has failed to comply with Local Rule 56.1, which requires him to file

> a concise response to the movant's statement that shall contain:
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

Local Rule 56.1(b). Mr. Onwunmelu does attempt to dispute three of the statements in Amtrak's Rule 56.1(a) filing within his response to Amtrak's motion for summary judgment. However, two of his responses do not include any reference to the record, and the third response does not actually dispute Amtrak's statement but instead attempts to supplement it with additional information. All of the statements in Amtrak's Rule 56.1(a) filing are therefore deemed admitted. Local Rule 56.1(b)(3)(B). *See, e.g., Brasic v.*

2

*Heinemann's, Inc.*, 121 F.3d 281, 283-84 (7th Cir. 1997); *Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1316-17 (7th Cir. 1995).

Mr. Onwunmelu claims that Amtrak discriminated against him on the basis of his race and national origin by terminating his employment as a supervisor. As Mr. Onwunmelu presents no direct evidence of discrimination, he must proceed under the *McDonnell-Douglas* burden-shifting analysis. *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case under that analysis, Mr. Onwunmelu must show that (1) he is a member of a protected class; (2) he was meeting Amtrak's legitimate business expectations; (3) he suffered an adverse employment action; and (4) Amtrak treated other similarly-situated employees, not in the protected class, more favorably. *Ajayi v. Aramark Business Services, Inc.*, 336 F.3d 520, 531 (7th Cir. 2003).

Mr. Onwunmelu is able to establish the first and third prongs of this analysis. Mr. Onwunmelu is African-American and has his national origin in Nigeria. Further, the write-up and termination from his position of supervisor qualifies as an adverse employment action. Amtrak argues, however, that Mr. Onwunmelu can meet neither the second nor the fourth prongs of the analysis. I agree.

Mr. Onwunmelu cannot show that he was meeting Amtrak's legitimate business expectations. Amtrak states that Mr. Onwunmelu did not follow direct orders from Thomas Pape, his direct supervisor. Mr. Onwunmelu argues that Amtrak's expectations,

3

especially those involving checking railroad cars as they entered the yard, were so unreasonable as to not be legitimate. So long as the employer's expectations of its employee are *bona fide* - that is, in good faith and without fraud or deceit - the court will not examine whether the employer is asking "too much." *Robin v. Espo Engineering Corp.*, 200 F.3d 1081, 1090 (7th Cir. 2000). Mr. Onwunmelu makes no showing in the record, other than his own conclusory statements, that Amtrak's expectations of him were unreasonable. Mr. Onwunmelu's statements that he was meeting those expectations are also insufficient to create an issue of material fact. *Rabinovitz v. Pena*, 89 F.3d 482, 487 (7th Cir. 1996).

Even if Mr. Onwunmelu were able to establish that he was meeting Amtrak's legitimate business expectations, he cannot meet the fourth prong of the analysis. The only similar-situated employee identified by Mr. Onwunmelu is Ed Carambot, a Hispanic male not of Nigerian national origin. Mr. Carambot was the other Supervisor, Mail and Express, during the time Mr. Onwunmelu was employer as a Supervisor. However, the record is devoid of any indication that Mr. Carambot refused to follow Mr. Pape's orders or otherwise did not meet Amtrak's legitimate business expectations. Mr. Onwunmelu cannot meet the second or fourth prongs of the analysis. Amtrak's motion for summary judgment is GRANTED.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated:   May 17, 2004